UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| ADRIEN JOHNSON, | : | |
| --- | --- | --- |
| *Plaintiff,* | : | No. 3:19-CV-01095 (VLB) |
| v. | : | |
| | : | December 13, 2019 |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| *Defendant.* | : | |

## ORDER ON MOTION TO DISMISS [Dkt. 22]

On July 16, 2019, Plaintiff Adrien Johnson ("Johnson") filed this civil action *pro se*, bringing an action under 42 U.S.C. § 405(g) to review a final decision of the Commissioner of Social Security as to his claim. [Dkt. 1]. But his main claim appears to be that someone has tampered with his taxes, and that the Social Security Administration knew about it. *Id.* at 2, 9. Defendant, Andrew Saul, Commissioner of Social Security (the "Commissioner") has moved under Rule 12(b)(1) to dismiss the complaint for lack of subject matter jurisdiction. [Dkt. 22]. For the reasons set forth below, the Court GRANTS the motion to dismiss.

I. **Background**

On March 10, 2009, Johnson filed a claim for Title XVI disability benefits, or Social Security Income (SSI). [Dkt. 22-2 (Decl. of Janay Pordraza and Exhibits) at ¶3 and Ex. 1]. On April 15, 2009, his claim was denied. *Ibid.* Mr. Johnson then filed a Request for Reconsideration. *Id.* at Exs. 2-3. Upon reconsideration, Johnson was found disabled. *Id.* at Ex. 4. Ten years later, on March 14, 2019, the Social Security

Administration notified Johnson that his monthly SSI payment would increase by $771.00. *Id.* at Ex. 5. The Social Security Administration explained that Mr. Johnson has 60 days to appeal the change. *Id*, at Ex. 5, pp. 4-5. The Commissioner has no record of receiving a letter from Mr. Johnson.

On July 16, 2019, Johnson filed this civil action *pro se* under 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of Social Security as to his claim. [Dkt. 1 at 1-2]. He does not allege that he is appealing a final decision of the Commissioner. *Id.* at 2. Rather, he states that he signed up for SSI on Church Street in New Haven, Connecticut, and that someone tampered with his taxes. *Id.* at 5.

II.     <u>Standard for a Motion to Dismiss under Rule 12(b)(1)</u>

"Federal courts are courts of limited jurisdiction. . . ." *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Subject matter jurisdiction is not waivable, and a lack of subject matter jurisdiction may be raised at any time, by a party or the court *sua sponte*. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *see also Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013) ("Objections to a tribunal's jurisdiction can be raised at any time, even by a party that once conceded the tribunal's subject-matter jurisdiction over the controversy."). If a court lacks subject matter jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

A "district court must take all uncontroverted facts in the complaint [ ] as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239,

243 (2d Cir. 2014). But, "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings. . . ." *Ibid*. "In that case, the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Ibid*.

III. <u>Analysis</u>

   A. *Law on Sovereign Immunity & Federal Administrative Remedies*

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 475 (1994). "[T]he terms of the [United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *Ibid.* (quoting *United States v. Sherwood*, 312 U.S. 584, 586). Sections 205(g) and (h) of the Social Security Act, 42 U.S.C. § 405(g) and (h), set out the terms of United States' consent to be sued in cases arising under Title II of the Social Security Act. Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405. Section 405(h) provides:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405. Thus, Section 405(g) authorizes judicial review only of a "final decision of the Commissioner of Social Security made after a hearing." *See Califano v. Sanders*, 430 U.S. 99, 108 (1977) ("This provision clearly limits judicial review to a particular type of agency action."). The meaning of the term "final decision" "is left to the [Commissioner}] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 767 (1975). Under the regulations, a claimant must complete a three-step administrative review process to obtain a final decision: the claimant must request reconsideration; if unsatisfied with the reconsidered decision, the claimant must request a determination by an Administrative Law Judge (ALJ); and if unsatisfied with the ALJ's decision, the claimant must request that the Appeals Council. 20 C.F.R. §416.1400(a) & *et seq.*; *see Sanders*, 430 U.S. at 102. Only after receiving notice of the Appeals Council's action may a claimant seek judicial review by filing an action in federal District Court. *See Heckler v. Ringer*, 466 U.S. 602, 614-19 (dismissal appropriate because of failure to exhaust); 20 C.F.R. § 422.210(a).

Courts may excuse a claimant from exhausting his or her administrative remedies "in certain special cases, such as where claimants raise a challenge "that is wholly 'collateral' to their claim for benefits under the Act and "where they have no colorable claim" that their injury "cannot be remedied by later payment of benefits." *Heckler,* 466 U.S. at 618; *see also* 20 C.F.R. § 416.1426 (waiving further administrative review by agreement where, among other conditions, "the sole issue in dispute is whether a provision of the Act that applies to your case is unconstitutional").

### B. The Instant Case

Johnson did not exhaust his administrative appeals remedies or receive a judicially reviewable "final decision." In addition, the exhaustion requirement is not waived because (a) his claim is not wholly collateral to his claim for benefits and he does not make a colorable showing that his injury could not be remedied by the retroactive payment of benefits, and (b) Johnson does not bring a constitutional claim. Therefore, the Court finds that it does not have jurisdiction, and dismisses this case with prejudice. The Clerk is directed to close this case.

IT IS SO ORDERED.

_____/s/_____

Hon. Vanessa L. Bryant

United States District Judge

Dated at Hartford, Connecticut: December 13, 2019